UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EDIL C. BETANCOURT,**

   **Plaintiff,**

v.                Case No: 6:16-cv-1913-Orl-37DCI

**DIRECTOR OF DEPT. OF
CORRECTIONS, OFFICER FRANCO,
OFFICER NIEVES, C. MUNIZ,
OSCEOLA COUNTY OF
CORRECTIONS, OSCEOLA COUNTY
MEDICAL DEPARTMENT, OSCEOLA
COUNTY MAINTENANCE, JAMIE
DOW and H. JOHN DOW,**

   **Defendants.**

## ORDER

This case is before the Court on the following matters:

1. Plaintiff has filed an Amended Complaint (Doc. 24) within the time provided in the Court's February 22, 2017 Order (Doc. 23) granting in part Plaintiff's motion to reconsider the dismissal of this case. Therefore, the Order of Dismissal without Prejudice (Doc. 10) and Judgment (Doc. 11) are **VACATED**.

2. The Clerk of Court is directed to reopen this case.

3. Plaintiff's Amended Complaint (Doc. 24) fails to set forth his claims adequately and fails to state a claim upon which relief may be granted as to some claims. Consequently, as discussed *infra*, the Court will dismiss those claims on which Plaintiff has failed to state a claim upon which relief may be granted and provide Plaintiff a final opportunity to amend his complaint in accordance with this Order.

First, Plaintiff asserts that Defendants Osceola County of Corrections, Osceola County Maintenance, and the Director of DOC negligently installed the handicap shower seat that caused him to fall and injure his right leg. (*Id.* at 8, 10-12, 17). Plaintiff further generally asserts that all Defendants were deliberately indifferent to the unsafe condition in violation of the Eighth and Fourteenth Amendments. (*Id.* at 15).

To establish an Eighth Amendment violation based on prison conditions, a prisoner must demonstrate two components. *Chandler v. Crosby,* 379 F.3d 1278, 1289 (11th Cir. 2004). A prisoner must first prove an "objective component," namely that the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Id.* (citing *Hudson v. McMillian,* 503 U.S. 1, 8 (1992). "The challenged condition must be 'extreme.'" *Id.* (quoting *Hudson,* 503 U.S. at 9). At a minimum, the prisoner must "show that a condition of his confinement pose[s] an unreasonable risk of serious damage to his future health' or safety." *Id*. (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Furthermore,

> the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling*, 509 U.S. at 36. The second part of the analysis involves a "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson,* 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L.Ed.2d 811 (1994).

*Chandler,* 379 F.3d at 1289. Therefore, the subjective component "requires a prisoner to prove the prison official acted with 'deliberate indifference' in disregarding that risk by showing that an official knew the inmate faced a 'substantial risk of serious harm' and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it." *Trantham v. Thomas*, No. 2:12-CV-118-TMH, 2014 WL 4386437, at *5 (M.D. Ala. Aug. 4, 2014) (quoting *Farmer*, 511 U.S. at 834, 837).

Plaintiff has failed to state a claim for violation of the Eighth and Fourteenth Amendment premised on the negligent/improper installation and maintenance of a handicap shower seat. Plaintiff has not demonstrated that Defendants acted with deliberate indifference. Pursuant to Plaintiff's own allegations, Defendants merely were negligent in the installation and maintenance of the shower seat. Negligence does not qualify as deliberate indifference. Furthermore, Plaintiff has not alleged that Defendants knew he faced a serious risk of harm from the shower seat and disregarded that risk by failing to take reasonable measures to repair it. Consequently, Plaintiff may not proceed on this claim, and it is dismissed.

In addition, to bring a viable § 1983 action, the defendant must be an entity subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a governmental corporation to be sued in federal court is governed by the law of the state in which the district court is located. *Dean*, 951 F.2d at 1214. A correctional facility or jail is not a proper defendant in a case brought under 42 U.S.C. § 1983. *See Lewers v. Pinnellas County Jail*, No. 8:09-cv-572-T-30TBM, 2009 WL 3053702, * 3 (M.D. Fla. Sept. 18, 2009) ("[C]ounty jails are not legal entities amenable to suit."). Therefore, the Osceola County of Corrections must be dismissed with prejudice as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *Barber*, 951 F.2d at 1214 (noting that sheriff's

departments and police departments are not legal entities subject to suit under § 1983).

Likewise, the Osceola County Medical Department and Osceola County Maintenance are part of the Osceola County Corrections Department and are not legal entities capable of being sued under § 1983. *See, e.g., Hooten v. Fowlkes,* No. 5:11-CV-115-CAR-CHW, 2011 WL 3629008, at *1 (M.D. Ga. Aug. 17, 2011) ("A prisons medical department is not a person or an entity subject to suit under 42 U.S.C. § 1983."); *Murphy v. Clarke County Jail*, No. 09–0660–WS–C, 2010 WL 1487872, at * 2 (S.D. Ala. 2010) (recognizing that the Clarke County Jail's "Nurses Department (or medical staff)" and "Correction Officers" were not entities subject to being sued, nor are they are "persons" for § 1983 purposes); *Simrin v. Correctional Med. Servs*., No. Civ. 05–2223 RBK, 2006 WL 469677, at *3–*4 (D.N.J. 2006) (collecting cases holding that a "prison medical staff" is not a legal entity subject to suit). Accordingly, the Osceola County Medical Department and Osceola County Maintenance are dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff is alleging a claim for inadequate medical care, this claim arises pursuant to the Fourteenth Amendment because he was a pretrial detainee. *See Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) ("As a pretrial detainee at Pickens County Jail, Melton's rights arose under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment."). However, such a claim is "'subject to the same scrutiny as if they had been brought as deliberate indifference claims under the Eighth Amendment.'" *Id.* (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306 (11th Cir. 2009)). Consequently, Plaintiff must show that the failure to provide him medical care amounted to cruel and unusual punishment under the Eighth Amendment of the United States Constitution. To do so, Plaintiff must show that his inadequate care arose from a "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05

(1976). "First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* (citations omitted) (emphasis added). To establish the requisite deliberate indifference, a prisoner must prove that the defendant had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Melton*, 841 F.3d at 1223 (emphasis added).

To the extent Plaintiff is attempting to assert a claim for failure to train, the Eleventh Circuit has explained:

> "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Id.* at 61, 131 S. Ct. at 1359. "[A] municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Id.* (alteration adopted and quotation omitted). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.*, 131 S. Ct. at 1360 (alteration adopted and quotation omitted). To establish deliberate indifference, a plaintiff must show that the municipal "policymakers are on actual or constructive notice that a particular omission in their training program causes [municipal] employees to violate citizens' constitutional rights." *Id.* To show this notice, a plaintiff ordinarily must demonstrate "[a] pattern of similar constitutional violations by untrained employees." *Id.* at 62, 131 S. Ct. at 1360; *accord Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015).

*Sorensen v. Nocco*, No. 15-15241, 2017 WL 370856, at *2 (11th Cir. Jan. 26, 2017).

Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." The Court notes that Plaintiff has sued the Director of Department of Corrections. It is not clear, however, whether Plaintiff is referring to the Director of the Osceola County Department of Corrections or some other director of a department of corrections. Therefore, in amending his complaint, Plaintiff must clarify which director he is suing.

Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Plaintiff also must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Likewise, Plaintiff must list all pertinent previous lawsuits under the pertinent section of the complaint, including any cases that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. If Plaintiff is unsure of any prior case he has filed, that fact must be disclosed as well. Failure to list all such prior cases will result in the dismissal of the action for abuse of the judicial process without further notice.

If Plaintiff intends to allege a number of related claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint. In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for each unrelated claim. The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number. Of course, Plaintiff should file an amended complaint <u>in this action</u> by placing the case number in this action on a civil rights complaint form and choosing one of the claims to proceed with in this action. Plaintiff may at any

time request more civil rights complaint forms for those unrelated claims.

<u>To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Second Amended Complaint**</u>. The Second Amended Complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint.

Plaintiff shall amend his complaint as described above within **TWENTY-ONE (21) DAYS** from the date of this Order. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice.**

4. The Clerk of Court is directed to terminate Osceola County of Corrections, Osceola County Medical Department, and Osceola County Maintenance as defendants.

5. Plaintiff shall submit additional financial documentation. Within **TWENTY-ONE (21) DAYS** from the date of this Order, Plaintiff shall either file a fully completed Prisoner Consent Form and Financial Certificate (if Plaintiff desires to proceed as a pauper) or pay the filing fee (if Plaintiff does not desire to proceed as a pauper). If Plaintiff chooses to complete the Prisoner Consent Form and Financial Certificate, he must include a computer printout prepared by the institution containing all transactions in his prisoner account for the period from September 13, 2017, through March 13, 2017 (the six months preceding the filing of his complaint). Failure to comply with the provisions of this Order or to explain noncompliance within the allotted time will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida, this 4th day of April, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Edil C. Betancourt